UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PABLO ANTONIO GARCIA,

    Plaintiff,

v.                                             Case No. 8:22-cv-1987-WFJ-UAM

EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and SYNOVUS BANK,

    Defendants.
_____/

## ORDER

Before the Court are Plaintiff Pablo Garcia's Motions in Limine (Dkt. 111; Dkt. 112; Dkt. 113; Dkt. 114). Defendant Synovous Bank (the "Bank") has responded to each (Dkt. 120; Dkt. 121; Dkt 122; Dkt. 123). Upon careful consideration, the Court grants-in-part and denies-in-part Mr. Garcia's Motions without prejudice. Mr. Garcia may reassert his evidentiary arguments at trial.

### BACKGROUND

The detailed facts alleged in this Fair Credit Reporting Act ("FCRA") case are discussed at length in the Court's Order denying the Bank's Motion for Summary Judgment. *See* Dkt. 106 at 1–6. Essentially, Mr. Garcia claims that the Bank inaccurately reported his credit information to credit reporting agencies and

failed to properly investigate its reporting after Mr. Garcia complained. As the Bank notes, Mr. Garcia is requesting damages based on "credit denials, reduced creditworthiness, [diminished] reputation, wasted time, relocation to Colombia, inability to work and receive income, and storage fees[.]" Dkt. 122 at 2.

With trial approaching, Mr. Garcia seeks to exclude "any and all arguments and statements to the jury" concerning the following: (1) "that the FCRA imposes upon consumers . . . a duty to mitigate damages caused by [the Bank's] [alleged FCRA] violations," Dkt. 111 at 2; (2) "that the Business Loans were ever loans that belonged to [Mr. Garcia], including assertions or insinuations that the Business Loans were 'Plaintiff's Loans,' or any other implication that [Mr. Garcia] was in any way legally responsible for repayment of the Business Loans with the exception of any personal guarantees executed by [Mr. Garcia]," Dkt. 112 at 2; (3) that the Bank "ever communicated to Plaintiff that it was intending to exercise . . . its right to accelerate the LOC, or that [the Bank] ever did—in fact—accelerate the LOC," Dkt. 113 at 2; and (4) that Mr. Garcia settled with the Bank's former co-defendants, Dkt. 114 at 2.

The Bank opposes the exclusion of these materials with the exception of evidence and argument pertaining to settlements. Dkt. 120: Dkt. 121; Dkt. 122; Dkt. 123. The Bank nevertheless maintains that, in the event Mr. Garcia prevails

2

and is awarded damages, the Court should consider settlement evidence after trial for purposes of off-setting the jury's award. Dkt. 121 at 3.

## LEGAL STANDARD

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). These motions are generally disfavored and "[e]vidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." *Acevedo v. NCL (Bah.) Ltd.*, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). Rulings on motions in limine are subject to change as the case unfolds. *Luce*, 469 U.S. at 41.

## DISCUSSION

### I. Motion to Exclude Matters Pertaining to Mitigation

The Court will not effectively strike the Bank's affirmative defense of failure to mitigate by excluding in limine all evidence of, or reference to, Mr. Garcia's lack of mitigation. While the FCRA does not explicitly demand mitigation from plaintiffs, there is no general rule precluding defendants from raising a failure to mitigate defense in FCRA cases. *Riley v. Equifax Info. Servs., LLC*, No. 2:20-CV-312-SPC-NPM, 2021 WL 3738836, at *8 (M.D. Fla. Aug. 24, 2021) (finding that "[t]here is no rule . . . that a [credit reporting agency] cannot raise a failure to mitigate defense in an FCRA case"). Mitigation of damages,

3

moreover, is not an uncommon feature of FCRA trials. *See Smith v. Santander Consumer USA, Inc.*, 703 F.3d 316, 318 (5th Cir. 2012) (finding it unremarkable that the jury considered mitigation evidence in an FCRA trial and may have "adjusted [the plaintiff's damages] for his alleged failure to mitigate his damages"). Here, Mr. Garcia's claimed damages include storage fees and financial loss based on a purported inability to work. Evidence concerning Mr. Garcia's alleged failure to mitigate these damages is undoubtedly relevant. It is also not excludable under Federal Rule of Evidence 403 at this juncture.

## II. Motion to Exclude Matters Pertaining to Mr. Garcia's Responsibility for the Business Loans

Rule 403 provides that a "court may exclude evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Due to the multilayered financial relationship that Mr. Garcia shared with the Bank, *see* Dkt. 106 at 1–6, there is a legitimate risk of jury confusion if the Bank refers to the Business Loans as "Plaintiff's Loans" or "Mr. Garcia's Loans." This inaccurately suggests that, like Mr. Garcia's personal line of credit, Mr. Garcia was personally responsible for the Business Loans beyond the personal guarantee he signed for them. At the same time, there is little to no probative value in referring to these loans in a way that

equates them to Mr. Garcia's personal line of credit. The Bank can make clear that the Business Loans were given to Mr. Garcia's companies and that they were part of Mr. Garcia's financial relationship with the Bank in ways that are less likely to mislead the jury.

Given the foregoing, the Court prefers that the Bank utilize the terminology suggested in its response. Dkt. 120 at 4 ("Synovous will agree to refer to the Business Loans as (1) the Business Loans, (2) Plaintiff's business loans, (3) being part of Plaintiff's loan relationship, (4) Plaintiff's guaranteed loans, and (5) Plaintiff's commercial loans."). Mr. Garcia's request is otherwise denied.

### III.   Motion to Exclude Matters Pertaining to Loan Acceleration

Whether the personal line of credit was actually accelerated after it was charged off by the Bank is an issue that the Court discussed in its Order denying Summary Judgment. Ultimately, due to conflicting credit reports and account statements, the Court found this to be a disputed issue of material fact. Dkt. 106 at 10. Mr. Garcia now argues that, because the Bank "failed to produce a single document which would support any assertion that the [personal line of credit] was ever accelerated," they should be precluded from doing so at trial. Dkt. 113 at 3. Mr. Garcia also argues that "any speculative statement from witnesses or speculative arguments from counsel on the issue would violate FRE 403." *Id.* at 4.

5

The Court largely disagrees with the thrust of Mr. Garcia's arguments. The natural result of charging off a loan is that the loan becomes accelerated. The Bank has produced evidence of the subject charge off and may present and comment on such evidence. If Mr. Garcia attempts to argue that the personal line of credit was never accelerated, or that the Bank never even intended to accelerate it, the Bank will also be permitted to rebut this argument with evidence and testimony concerning their charge off. The probative value of this evidence greatly outweighs any unfair prejudice to Mr. Garcia. It would be inappropriate for the Court to preclude the Bank from presenting any evidence or testimony concerning one of the most significant issues in this case.

Notwithstanding, the Court agrees that the Bank may not introduce any documents that have not been produced with the exception of impeachment evidence. *See* Federal Rule of Civil Procedure 37(c)(1). The Bank "states that it does not intend to" do so. Dkt. 123 at 2.

### IV.   Motion to Exclude Matters Pertaining to Settlements

The Bank agrees that settlement information "should not be presented to the jury." Dkt. 121 at 2. The Court does as well and consequently bars the Bank from presenting such evidence. If the Bank seeks credit for settlement amounts obtained against joint tortfeasors, however, it may bring such matters before the Court on a Rule 60(b)(5) motion. *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271,

6

1275 (11th Cir. 2008); *see also Westbrook v. Equifax Info. Servs. LLC*, No. 8:23-CV-477-MSS-UAM, 2024 WL 972641, at *1 (M.D. Fla. Mar. 7, 2024).

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Mr. Garcia's Motion to Exclude Matters Pertaining to Mitigation (Dkt. 111) is **DENIED WITHOUT PREJUDICE**.

(2) Mr. Garcia's Motion to Exclude Matters Pertaining to Mr. Garcia's Responsibility for the Business Loans (Dkt. 112) is **GRANTED-IN-PART** and **DENIED-IN-PART WITHOUT PREJUDICE**.

(3) Mr. Garcia's Motion to Exclude Matters Pertaining to Loan Acceleration (Dkt. 113) is **GRANTED-IN-PART** and **DENIED-IN-PART WITHOUT PREJUDICE**.

(4) Mr. Garcia's Motion to Exclude Matters Pertaining to Settlements (Dkt. 114) is **GRANTED-IN-PART and DENIED-IN-PART WITHOUT PREJUDICE**.

**DONE AND ORDERED** at Tampa, Florida, on May 21, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record