[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 24-13721

Non-Argument Calendar

_____

PABLO ANTONIO GARCIA,

           Plaintiff-Appellant,

*versus*

EQUIFAX INFORMATION SERVICES, LLC., et al.,

           Defendants,

SYNOVUS BANK,

           Defendant-Appellee.

_____

Case 8:22-cv-01987-WFJ-LSG   Document 201   Filed 05/05/25   Page 2 of 14 PageID 4491
USCA11 Case: 24-13721   Document: 27-1   Date Filed: 05/05/2025   Page: 2 of 12

2                         Opinion of the Court                    24-13721

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-01987-WFJ-LSG

_____

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and KIDD, Circuit Judges.

PER CURIAM:

Pablo Antonio Garcia appeals the denial of his motions *in limine*, for judgment as a matter of law, and for a new trial following a jury verdict against his complaint that Synovus Bank violated the Fair Credit Reporting Act. 15 U.S.C. § 1681s-2(b). We dismiss Garcia's appeal in part as to his challenge to the denial of his motion *in limine* and affirm in part the denial of his post-trial motions.

## I. BACKGROUND

Garcia entered into three business loan agreements with Synovus and executed a personal guaranty for each of the business loans. He also entered into an agreement for a personal line of credit, which was governed by Georgia law. The agreement for the personal loan had a default provision stating that if Garcia failed to pay or comply with any other duty or obligation, he would be in default and Synovus "may at its option at any time and without notice or demand . . . . [a]ccelerate and declare immediately due and payable all sums remaining unpaid on [his] [a]ccount."

Synovus sent Garcia notices that his business loans were in default and that it was accelerating payment of the debts due, but

24-13721               Opinion of the Court                3

did not mention his personal account. Synovus eventually decided to charge off all loans associated with Garcia, including his personal loan. *See Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1297 (11th Cir. 2016) ("Charged-off debt is deemed uncollectable and treated as a loss for accounting purposes."). Synovus reported to third-party credit reporting agencies that Garcia's personal account was charged off and that the total account balance was past due. Garcia filed multiple disputes regarding Synovus's reporting because he had not missed a payment. Synovus investigated and made an update not relevant on appeal.

    Garcia filed an amended complaint alleging that Synovus violated the Fair Credit Reporting Act by reporting inaccurate information to consumer reporting agencies and failing to reasonably investigate and correct that information after receiving notice of his disputes. He also sued the credit reporting agencies, but those claims were dismissed. Synovus moved for summary judgment, which the district court denied because it ruled there was an issue of material fact as to whether Synovus actually accelerated Garcia's personal account and whether its investigation was reasonable. Garcia filed a motion *in limine* to exclude evidence that Synovus ever told him that his personal loan was accelerated or that the loan was accelerated because Synovus had not produced this evidence during discovery. The district court denied the motion, as well as Garcia's motion for reconsideration.

    At trial, Garcia testified that after Synovus decided to accelerate his business loans, they sent notice of acceleration and

Case 8:22-cv-01987-WFJ-LSG   Document 201   Filed 05/05/25   Page 4 of 14 PageID 4493
USCA11 Case: 24-13721   Document: 27-1   Date Filed: 05/05/2025   Page: 4 of 12

4                           Opinion of the Court                    24-13721

refused to accept monthly payments. Meanwhile, he continued to make payments on his personal account, and Synovus never informed him that the personal account had been accelerated. His monthly statements for his personal account did not communicate that the account had been charged off or accelerated and documented the same maturity date as his original account with no past due balance—except for one late payment when he was charged a late fee. Garcia's expert witness Wisam Reda testified that in order for the entire balance of a debt to be past due, it would have to be accelerated, which moves up the maturity date. And Amy Gunter, a director in charge of collections at Synovus, agreed that Synovus's account information system stated that the maturity date for Garcia's personal loan had not changed, that the fields regarding acceleration were blank, and that Synovus had not communicated that Garcia's personal account had been accelerated. Garcia rested.

Gunter then testified for Synovus. She testified that Synovus made the decision to charge off all of Garcia's loans because his business loans were past maturity, and his personal line of credit was too risky. Synovus accelerated the debt as part of a normal process for loans that are charged off. And Synovus investigated the first of Garcia's disputes and confirmed that the account was supposed to be charged off. She did not know if the acceleration field for internal reporting was ever used. On redirect examination, she testified that if a loan was accelerated, the past due balance would reflect the full loan amount. Synovus's expert witness, John Ulzheimer, testified that a charge off can occur without missed payments and can be based on other loan relationships. He testified

Case 8:22-cv-01987-WFJ-LSG   Document 201   Filed 05/05/25   Page 5 of 14 PageID 4494
USCA11 Case: 24-13721   Document: 27-1   Date Filed: 05/05/2025   Page: 5 of 12

24-13721                Opinion of the Court                5

that the fact that Garcia's past due amount for his personal account matched the balance of the account meant the loan was accelerated.

Garcia requested a jury instruction that a charge off is not the same as an acceleration. The district court denied the instruction. Garcia argued for judgment as a matter of law because although the issue of acceleration was a legal question, it was objectively verifiable that Synovus did not accelerate the debt. He also argued that Synovus did not conduct a reasonable investigation into the past due amount. The district court denied the motion. The jury returned a verdict in Synovus's favor.

The district court entered final judgment on June 18, 2024. Garcia filed an unopposed motion for an extension of time to file post-trial motions, and the district court granted an extension until August 8, 2024. On August 8, Garcia filed a renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) and for a new trial under Rule 59, on the ground that there was no evidence that Synovus accelerated his personal loan such that reporting a past due balance was accurate and took no affirmative action to accelerate the debt. Synovus responded that it had introduced testimony that it had accelerated the debt and that it was not required to notify Garcia of acceleration. It also argued that it introduced evidence that it conducted a reasonable investigation. The district court denied both motions. It entered final judgment on October 16. Garcia filed his notice of appeal on November 13.

Case 8:22-cv-01987-WFJ-LSG   Document 201   Filed 05/05/25   Page 6 of 14 PageID 4495
USCA11 Case: 24-13721   Document: 27-1   Date Filed: 05/05/2025   Page: 6 of 12

6                        Opinion of the Court                     24-13721

## II. STANDARDS OF REVIEW

We review the denial of a motion in *limine* for abuse of discretion. *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1311 (11th Cir. 2019). We review the denial of a motion for judgment as a matter of law *de novo*. *Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288, 1298 (11th Cir. 2021). We review the record in the light most favorable to the prevailing party and will set aside the verdict only if no reasonable jury could have arrived at it. *Id.* And we review the denial of a motion for a new trial for abuse of discretion. *McGinnis v. Am. Home Mortg. Serv., Inc.*, 817 F.3d 1241, 1255 (11th Cir. 2016).

## III. DISCUSSION

We divide our discussion into three parts. First, we explain that we do not have jurisdiction to review the denial of Garcia's motion *in limine*. Second, we explain that the district court did not err in denying Garcia's renewed motion for judgment as a matter of law. Third, we explain that the district court did not abuse its discretion in denying Garcia's motion for a new trial.

### A. We Do Not Have Jurisdiction to Review the Denial of Garcia's Motion in limine.

We do not have jurisdiction to review the denial of Garcia's motion *in limine* and motion for reconsideration because he did not file a timely notice of appeal as to the final judgment. The requirement that a notice of appeal in a civil case be filed within 30 days after entry of the judgment or order appealed from is jurisdictional. 28 U.S.C. § 2107(a); *Green v. Drug Enf't Admin.*, 606 F.3d 1296,

Case 8:22-cv-01987-WFJ-LSG   Document 201   Filed 05/05/25   Page 7 of 14 PageID 4496
USCA11 Case: 24-13721   Document: 27-1   Date Filed: 05/05/2025   Page: 7 of 12

24-13721               Opinion of the Court                    7

1300 (11th Cir. 2010). A timely filed motion for judgment under Rule 50(b) or for a new trial under Rule 59 tolls the time to appeal. Fed. R. App. P. 4(a)(4)(A). A party must file a motion under Rule 50(b) or Rule 59 within 28 days of entry of judgment. Fed. R. Civ. P. 50(b); *id.* R. 59(b). A district court may not extend the time to file a motion under Rule 50(b) or Rule 59(b). *Id.* R. 6(b)(2). So, an untimely motion under Rule 50(b) and Rule 59, even when a district court grants an extension, does not toll the time to file an appeal from the final judgment. *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 615 F.3d 1352, 1359 n.15 (11th Cir. 2010). But Rule 6(b)(2) is a claims-processing rule, and if a party timely appeals from an untimely tolling motion and the opposing party fails to object to the violation of the rule, we have jurisdiction to review the district court's order on the untimely motion. *Id.*

Garcia's notice of appeal was untimely as to the final judgment. He filed his notice of appeal on November 13, over 30 days after the entry of the final judgment on June 18. And his motions under Rule 50(b) and Rule 59 did not toll the time to appeal the final judgment because they were untimely. Those motions were filed on August 8—more than 28 days after the entry of the final judgment on June 18. Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 50(b); *id.* R. 59(b). Although the district court extended the time to file those motions until August 8, that extension did not extend the time to file a notice of appeal from the underlying judgment. *See Advanced Bodycare Sols.*, 615 F.3d at 1359 n.15. But because Garcia appealed from his untimely motions under Rule 50(b) and Rule 59,

Case 8:22-cv-01987-WFJ-LSG   Document 201   Filed 05/05/25   Page 8 of 14 PageID
                                          4497
USCA11 Case: 24-13721   Document: 27-1   Date Filed: 05/05/2025   Page: 8 of 12

8                       Opinion of the Court                    24-13721

and Synovus did not object to the violation of Rule 6(b)(2), we have jurisdiction to review the order denying those post-trial motions.

### B. The District Court Did Not Err in Denying Garcia's Renewed Motion for Judgment as a Matter of Law.

Garcia argues that the district court erred in denying his renewed motion for judgment as a matter of law under Rule 50(b) because there was no evidence that would allow a jury to conclude that Synovus furnished accurate information about his personal account or conducted a reasonable investigation. We disagree. To succeed on a claim under the Act, 15 U.S.C. § 1681s-2(b), a plaintiff must prove that a furnisher provided inaccurate or incomplete information to a reporting agency and prove that an investigation was unreasonable. *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1367 (11th Cir. 2024) (citation and internal quotation marks omitted). "[A] report must be factually incorrect, objectively likely to mislead its intended user, or both to violate the maximal accuracy standard of the [Act]." *Id.* at 1367–68 (citation and internal quotation marks omitted).

Garcia argues Synovus provided inaccurate information that the full balance of his account was past due because there was insufficient evidence Synovus accelerated the debt. To the extent Garcia argues that Synovus's reporting was inaccurate because acceleration was legally improper when Synovus never performed an affirmative act to exercise its option to accelerate, we disagree. Although the Act typically involves the reporting of factual inaccuracies, "if a legal question is sufficiently settled so that the import on

Case 8:22-cv-01987-WFJ-LSG   Document 201   Filed 05/05/25   Page 9 of 14 PageID
USCA11 Case: 24-13721   Document: 27-1   4498   Date Filed: 05/05/2025   Page: 9 of 12

24-13721                Opinion of the Court                9

a particular debt is readily and objectively verifiable, the [Act] sometimes requires that the implications of that decision be reflected in credit reports." *Id.* at 1368 (citation and internal quotation marks omitted) (holding that an alleged inaccuracy regarding a debt was not actionable under the Act because state courts disagreed as to whether a consumer's debt was excused). Georgia law governed Garcia's loan agreement. And Garcia concedes that "Georgia courts have not addressed whether a charge-off can be the affirmative act necessary to exercise an option to accelerate," while citing decisions from other jurisdictions. So, whether Synovus performed an affirmative act sufficient to accelerate the account involves a legal question that is not sufficiently settled under Georgia law to constitute an actionable inaccuracy under the Act. *See id.*

And when we view the evidence in the light most favorable to the verdict, we cannot say that the record is insufficient to support the jury's finding that Synovus provided accurate information because it accelerated the account. *See Yates*, 21 F.4th at 1298. Gunter testified that Garcia's loan had been charged off and accelerated. She also testified that the internal reporting system documented the unpaid balance reported as a loss with the full balance past due, which meant the loan had been accelerated. Ulzheimer also testified that the full balance being past due meant the loan had been accelerated. As the district court found, the jury was also allowed to discredit Garcia's testimony and consider it as substantive evidence against his interests. *Silva v. Dos Santos*, 68 F.4th 1247, 1257 (11th Cir. 2023) ("[A] factfinder can use a witness's noncredible

Case 8:22-cv-01987-WFJ-LSG   Document 201   Filed 05/05/25   Page 10 of 14 PageID 4499
USCA11 Case: 24-13721   Document: 27-1   Date Filed: 05/05/2025   Page: 10 of 12

10                           Opinion of the Court                        24-13721

testimony as corroborating substantive evidence against the witness's interests . . . .").

Garcia points to evidence within Synovus's system and his account statements suggesting Synovus did not accelerate the account. He argues that Synovus sent letters about acceleration of the business loans but did not send them for the personal account. But the business loan agreements did not include the right to accelerate without notice as the personal loan did.

Garcia argues that Gunter testified that she was not in the department when the acceleration occurred and did not know of actions taken to accelerate the debt, but that fact goes to her credibility. And it is the jury's task to "determine the credibility of witnesses." *McGinnis*, 817 F.3d at 1254 (citation and internal quotation marks omitted).

Garcia also argues that the loan's maturity date did not change within Synovus's system or on his account statements, that his account statements did not reflect that the full amount of the loan was past due, that Synovus did not report an acceleration amount or date—even though Gunter testified it was unclear if those fields were used— and that Synovus accepted payments and charged him a late fee. At most, this evidence created a dispute of fact about whether Synovus accelerated the account, and it is the province of the jury to "weigh conflicting evidence and inferences." *Id.* (citation and internal quotation marks omitted).

Garcia also argues that no reasonable jury could find that Synovus conducted a reasonable investigation. We need not

Case 8:22-cv-01987-WFJ-LSG   Document 201   Filed 05/05/25   Page 11 of 14 PageID 4500
USCA11 Case: 24-13721   Document: 27   Date Filed: 05/05/2025   Page: 11 of 12

24-13721                Opinion of the Court                11

address this argument. Garcia was required to prove both that Synovus did not conduct a reasonable investigation and that it furnished inaccurate information. *See Holden*, 98 F.4th at 1367. Because we deny his motion based on the accuracy element, we need not address whether to set aside the verdict based on the reasonableness of Synovus's investigation.

### C. The District Court Did Not Abuse its Discretion in Denying Garcia's Motion for a New Trial.

Garcia argues that the district court abused its discretion in denying a motion for a new trial. A district court may grant a new trial when "the verdict is against the clear weight of the evidence . . . or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *McGinnis*, 817 F.3d at 1254 (citation and internal quotation marks omitted). "Deference to the district court is particularly appropriate where a new trial is denied and the jury's verdict is left undisturbed." *Id.* at 1255 (citation and internal quotation marks omitted). Although Garcia argues that Synovus equated a charge off with acceleration in a way that created a miscarriage of justice, the testimony the jury heard was that Synovus accelerated accounts after charging them off, not that the two were legally synonymous. And although the evidence of acceleration was not overwhelming, we cannot say that the jury's verdict was against the great weight of the evidence for the same reasons we discussed regarding his renewed motion for judgment as a matter of law. *See id.*

Case 8:22-cv-01987-WFJ-LSG   Document 201   Filed 05/05/25   Page 12 of 14 PageID
USCA11 Case: 24-13721   Document: 27-1   4501   Date Filed: 05/05/2025   Page: 12 of 12

12                      Opinion of the Court                   24-13721

We cannot say the district court abused its discretion in denying the motion for a new trial.

## IV. CONCLUSION

We **DISMISS** Garcia's challenge to the denial of his motion *in limine* and **AFFIRM** the denial of his post-trial motions.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 05, 2025

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 24-13721-CC
Case Style: Pablo Garcia v. Synovus Bank
District Court Docket No: 8:22-cv-01987-WFJ-LSG

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. Among other things, **a petition for rehearing must include a Certificate of Interested Persons**. See 11th Cir. R. 40-3.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion